———o———

DANIEL H. CARY, Respondent, *vs.* ST. LOUIS, KANSAS CITY & NORTHERN RAILWAY Co., Appellant.

1. *Railroads—Killing of stock caused by failure to fence—Question of negligence.*—Where the petition charges that the killing of stock by a railroad company was caused by its failure to fence its road at a point where it was required to fence, and where the accident occurred (Wagn. Stat., 310, § 43) the question of negligence cannot be raised.

2. *Railroads—Failure to fence track—Killing of stock along unclosed lands, not shown to be prairie land as well.*—The failure of a railroad to fence its track through unclosed land will not make it amenable for killing stock at that point unless the land was shown to be prairie land.

*Appeal from Carroll Circuit Court.*

*Ray & Ray,* for Appellant, cited Lloyd vs. Pac. R. R. Co., 49 Mo., 199.

*Hale & Eads,* for Respondent, referred in argument to Calvert vs. Hann. & St. Jo. R. R. Co., 30 Mo., 242; *Id.,* 38 Mo., 467; Gorman vs. Pac. R. R., 26 Mo., 441; Trice vs. Hann. & St. Jo. R. R., 49 Mo., 438; Biglow vs. North Mo. R. R., 48 Mo., 510; Meyer vs. North Mo. R. R., 35 Mo., 352; Lloyd vs. Pac. R. R., 49 Mo., 199; Ellis vs. Pac. R. R., 48 Mo., 231; Powell vs. Hann. & St. Jo. R. R., 35 Mo., 457.)

VORIES, Judge, delivered the opinion of the court.

This action was brought in the Carroll Circuit Court under the provisions of the 43rd section of the act concerning "railroad companies" (Wagn. Stat., 1872, p. 310) to recover

double damages for the killing of cattle belonging to plaintiff by the defendant upon its railroad.

There are two counts in the petition, but as the judgment was for the defendant on the first count, no notice thereof need be taken.

The second count charges that the engine and cars used by the defendants ran upon and killed one heifer of the plaintiff of the value of fifty dollars, and that another heifer was thereby crippled and damaged to the amount of fifteen dollars; that said cattle were killed and injured by the negligence of the agents of defendant in running said engine and cars; that at the point on said road where said cattle were injured said road was not fenced, and that it was uninclosed prairie land and where there was no crossing of a public highway of any kind, etc. The petition claimed double damages, etc.

The answer of the defendant does not deny that it is a corporation, etc.; but it does deny the other material allegations of the petition.

The case was tried by the court without the intervention of a jury.

The plaintiff introduced evidence tending to prove that the animals named in the petition belonged to the plaintiff, and that he was damaged by the killing and crippling thereof in the sum of from thirty-five to forty dollars; that the injury happened at a point on the defendant's railroad about one hundred yards east of the *depot* at Wakenda station, in Carroll county, on said railroad; that the railroad switch at said station extended some thirty feet east of where the injury occurred; that the train of cars inflicting the injury was at the time running about the usual speed that such trains run on said railroad; that at the place where the cattle were injured there was no public crossing of any kind; that it was on open, uninclosed lands, and the road was not fenced.

The evidence of the defendant was somewhat variant from that of the plaintiff in reference to the distance of the place where the accident occurred from the *depot* or station, and in reference to the distance to the eastern end of the switch from where the stock were killed.

Cary v. St. L., Kas. C. & N. R. R. Co.

At the close of the evidence the court at the request of the defendant made the following declarations of law:

" 1st.—That if the animals in question were killed or injured within the limits of a station on its railroad, necessarily left open for the transaction of the business of the company and the accommodation of the public. then the plaintiff cannot re-' cover unless the plaintiff shows that the killing or injury was occasioned by the actual negligence of defendant, its agents or servants in the management of the particular train that did the killing."

" 3rd—That if the animals in question were killed or in-' jured in the open grounds of defendant, at defendant's station; and it was necessary for the transaction of business with the public, and for its convenience in the reception and discharge of freight and passengers, that such space should be left open, the plaintiff cannot recover, without showing actual negli-' gence on the part of the defendant, its agents or servants."

" 8th—That railroad companies have the right to move and operate their trains for the transaction of their business, at such speed as they may deem proper, having due regard to the rights of the public; and if the evidence shows that the animals were killed on defendant's right of way, where its road does not run along or across a public road or street, but within the grounds of a station left open by it for the necessary transaction of its business, and for the accommodation of the public, then the same rule must apply as to animals killed or injured within such grounds, as applies to animals killed or injured at public road crossings; and in order to recover, plaintiff must show that the killing or injury in this case had been occasioned by the neglect of defendant's servants to sound the whistle or ring the bell, orithat such stock were killed or injured through the wilful act or neglect of defendant's agents and servants."

The defendant also asked the court to make several other declarations of law which were refused by the court; but as it is thought that they only involve the same principles contained in the instructions given, or are wholly inapplicable to the case, no notice will be taken of them.

No declarations of law were asked for or given on the part of the plaintiff.

The court found for the plaintiff as to the second count of the petition, and assessed his damages at the sum of forty dollars, and rendered a judgment in his favor for a sum double of that amount.

The defendant then filed a motion for a new trial which being overruled he accepted and appealed to this court.

This case, although the petition charges that the cattle were killed by the negligence of the defendant's servants, is a petition founded on the 43rd section of the act in reference to railroad corporations (Wagn. Stat., 310). It is provided by that statute that railroad companies shall fence their roads where the same shall pass through, along or adjoining inclosed or cultivated fields, or uninclosed prairie lands; that "until such fences, openings and gates or bars," etc., shall be duly made and maintained, such corporation shall be liable in double the amount for all damages which shall be done by its agents, engines or cars to horses, cattle, mules or other animals, etc.

The petition, although it has many allegations which detail facts and circumstances which are wholly immaterial to the cause of action under any view of the case, alleges as the cause of action "that the said stock was killed as aforesaid in consequence of the fact that, at the point where said stock strayed on said road, and was killed and crippled, there were no fences or cattle guards or anything else erected by said company to prevent stock from going on said road; that at the point where said stock strayed on said road it was uninclosed prairie land, which said company was bound to fence, and that said stock were killed at a point on said defendant's road where there was no street, county or State road, or public crossing."

These allegations of the petition, together with a prayer for double damages, conclusively fix the character of the action as one founded on the provisions of the 43rd section of the statute before referred to; and the fact that the court rendered a judgment for double the amount of the damages found, shows

that the case was decided under that view of the case. It is true that the instructions or declarations of law given by the court at the request of the defendant, are rather inconsistent with that view of the case. It seems to have been thought that inasmuch as there was an allegation of negligence in the petition, the trial could proceed with a view to recover on the ground of negligence, if negligence was proved; and if negligence was not proved, a recovery could be had on the ground that the injury took place at a point where the road was required to be fenced, when a recovery could be had without proof of negligence for double the amount of the damages done.

The declarations of law given by the court all assume that if the killing of the cattle took place at a point where the company was not required to fence its roads, still plaintiff could recover by proving negligence. This I think was erroneous under the petition in this case. The petition specifically charges that the failure of the defendant to fence its road at a point where by law it was required to have the road fenced, and where the stock were killed, is what caused the injury complained of. In such case no question of negligence could arise and no proof of negligence is necessary. (Biglow vs. North Mo. R. R. Co., 48 Mo., 510; Gorman vs. Pac. R. R. Co., 26 Mo., 441.)

It follows, therefore that the instructions given were inapplicable to the case and were erroneous, and some of the instructions given were not founded upon any evidence in the case and were, therefore, perhaps improper; but as these declarations of law were asked for by the defendant, of course, he does not complain that they were given.

The only question remaining to dispose of is, whether the court could properly render the judgment rendered under the evidence in the case. If there was no evidence in proof of a material fact necessary to a recovery in favor of the plaintiff, the judgment should be reversed. It was necessary to a recovery on the part of the plaintiff under the 43rd section of the statute before referred to, that the evidence should show

that the stock were injured at a point on the defendant's road where the road passed along or through inclosed or cultivated fields or uninclosed prairie lands. Now the evidence shows that the lands where the accident occurred were open, uninclosed and uncultivated lands, but after a careful examination of all of the plaintiff's evidence we can find no evidence tending to show that the lands were prairie lands. It follows that no judgment should or could legally have been rendered against the defendant under said 43rd section or under the plaintiff's petition. (Musick vs. A. & P. R. R. Co., 57 Mo., 134.)

The judgment will be reversed and the case remanded; the other judges concur.