———o———

W. B. CRUTCHFIELD, Respondent, *vs.* ST. LOUIS, KANSAS CITY & NORTHERN RAILWAY CO., Appellant.

1. *R. R. Corporation act, negligence, question of, cannot be raised under.*— Under § 43 of the Railroad act (Wagn. Stat. 310–11) no recovery can be had for injuries resulting from the negligent management of the locomotive or train. For that purpose, suit must be brought under § 5 of the damage act.

2. *Damages—Railroad law,* § 43; *Suit held to be brought under, when.*— Where plaintiff's petition in suit against a railroad company for injuries to stock, alleges the duty of defendant to erect and maintain fences, the breach of that duty and the prayer for double damages; and direct reference is made in the body of the petition to § 43 of the railroad law, the pleading will be treated as brought under that section, although containing the further averment that the injury was negligently done.

3. *Practice, civil—Instruction—Party cannot object to his own declaration of law.*— A case will not be reversed for error in giving an instruction for respondent, where the same declaration of law is given at the request of appellant. In such case the party is estopped from objecting, and is not prejudiced by the action complained of.

*Appeal from Randolph County Circuit Court.*

*W. H. Blodgett,* for Appellant, cited : Cary vs. St. Louis, K. C. & N. R'y Co., 60 Mo. 209 ; Biglow vs. N. Mo. R. R.

Co., 48 Mo. 510 ; Gorman vs. P. R. R. Co., 26 Mo. 441 ; Wood vs. St. L., K. C. & N. R'y Co., 58 Mo. 109.

*T. B. Kimbrough*, for Respondent.

The language of the petition, in charging defendant's liability, " negligence, unskillfulness and misconduct" on the part of the defendant's engineers, officers, servants, agents, and employees ; and the fact that the court rendered judgment in the case in favor of the plaintiff for exactly the amount found by the jury in their verdict for plaintiff, all show the character of the action, and that it was tried by the court as one, founded not upon the provisions of the 43d section of the statute before referred to, but as founded on the "damage act."

Hough, Judge, delivered the opinion of the court.

This was an action brought under the 43d section of the act in relation to railroad companies, to recover double damages for the killing and crippling by defendant's cars of certain horses and mules belonging to plaintiff, at a point on defendant's railroad where it was alleged that defendant had failed to erect and maintain good and substantial fences, as required by the provisions of said section.

The petition contained an allegation that the killing and crippling were negligently done.

The answer contained a specific denial of each allegation in the petition.

The testimony tended to show that the railroad was, at the time and place where the horses and mules were killed and injured, inclosed by a good and substantial fence, as required by law ; and that the animals strayed on the track through an open gate at a farm crossing. It did not appear who left the gate open.

There was a verdict and judgment for the plaintiff, and the defendant has appealed.

Notwithstanding the allegations that the killing was negligently done, the averments as to the duty of defendant to erect and maintain fences, the alleged breach of that duty, the prayer for double damages, and the direct reference made in the body of the

petition to the 43d section of the railroad law, established beyond controversy, or cavil, that the petition was founded on that section.

The appellant has assigned for error the giving by the court of the following instruction, asked by the plaintiff:

"The jury are instructed that although they may believe that defendant had erected and maintained good and substantial fences on the sides of its road, where the accident occurred, with gates and other cattle guards at farm crossings, yet if they further believe that the killing was the result of negligence on the part of the person in charge of the engine and cars, they must find for plaintiff."

This instruction is in direct conflict with the decision of this court in the case of Cary vs. St. L., K. C. & N. R'y Co., 60 Mo. 209. It was there held that in actions under the 43d section of the railroad law, no recovery can be had for injuries resulting from the negligent management of the train, but for such only as result from the failure of the railroad company to erect and maintain fences, cattle guards, etc.; that for injuries to stock resulting from negligence in the management of a locomotive or train, suit must be brought under the 5th section of the damage act. (See also Wood vs. R'y Co., 58 Mo. 109.)

But notwithstanding this error of the court the judgment must be affirmed, as it appears from the record that in four of the instructions given by the court, at the defendant's own request, the same rule of liability is substantially declared.

We cannot relieve a party from errors committed by himself; and he is estopped from objecting to an instruction given at his own request. (Chamberlin vs. Smith, 1 Mo. 482.) When error has been committed against the appellant, to authorize a reversal of the judgment it must appear that such error was or may have been prejudicial to him. If the instruction complained of had been refused by the court, the situation of the defendant would not have been improved. The result must have been the same. The same declaration of law by which the defendant now claims to have been injured, would still have remained to direct the find-

ing of the jury. A mistake was committed at the trial for which we can afford no relief. The judgment must be affirmed.

All the other judges concur.