LINCOLN v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, *Appellant*.

1.  **Amendments**: RAILROADS: INJURY TO LIVE STOCK. In an action against a railroad company for injury to live stock, the statement originally filed alleged that the injury was caused by failure of the company to erect and maintain cattle-guards as required by the 43rd section of the Railroad Law. An amended statement was afterward permitted to be filed charging the same injury, but alleging that it occurred in consequence of the failure of the company to construct a crossing where its road crossed a public highway, as required by the act of 1875 amending section 39 of the Railroad Law, (Sess. Acts 1875, p. 130 ;) *Held*, that there was no error in permitting the amendment.

2.  **Justices' Courts**: PLEADING. Plaintiff may state his cause of action in two counts as well in a justice's court as in the circuit court.

3.  **Railroads**: PUBLIC CROSSINGS. Under the act of 1875, *supra*, it is the duty of a railroad company to construct a proper crossing wherever its road crosses a public highway without being notified to do so by any officer in charge of the highway. The notice provided for in the act is but a mode of securing the crossing in the event of failure of the company to construct it.

    The act is not intended solely for the protection of travelers upon the highway. The owner of an animal injured in consequence of failure of the company to comply with its provisions may avail himself of them.

*Appeal from Madison Circuit Court.*—HON. WM. M. NALLE, Judge.

AFFIRMED.

*Wm. R. Donaldson* and *Smith & Krauthoff* for appellant.

*B. B. Cahoon* for respondent.

HENRY, J.—This action was commenced before a justice of the peace to recover damages for the killing of a mare belonging to plaintiff. The original statement was based on the 43rd section of the Railroad Law, alleging a failure on the part of defendant to erect and maintain cat-

tle-guards at places where they were required by law.    An amended statement was filed before the justice of the peace, the second count of which was substantially the same as the original statement, and the first was based on the act of 1875, alleging a failure by the company to construct such a crossing, where its railroad crossed a public road, as that act requires, by reason of which plaintiff's mare " got fastened between one of defendant's rails and a part of said defective crossing." From a judgment in favor of plaintiff, defendant appealed to the circuit court, where he filed, successively, motions to strike out the amended statement, and to require plaintiff to elect on which count he would stand, which were overruled, and on a trial plaintiff again had judgment, from which this appeal is taken.

Appellant's counsel contend that plaintiff having commenced his action under the 43rd section, could not recover under any other section.    His amended statement filed with the justice, contained two counts, in each of which he claimed damages for one and the same injury.    There were not two subjects of complaint, but two different statements of the same injury.    This is allowable as well in a justice's court as in the circuit court.

Luckie v. Railroad Co., 67 Mo. 245; Cary v. Railroad Co., 60 Mo. 209; Wood v. Railroad Co., 58 Mo. 109; Crutchfield v. Railroad Co., 64 Mo. 255, and Hansberger v. Railroad Co., 43 Mo. 196, cited by appellant's counsel, involve a different question. The statements in those cases contained but one count, and were severally based upon but one section of the statute, and it was held, that plaintiff must recover on the cause of action stated before the justice of the peace, or not at all; that he could not by amendment in the circuit court, have any other cause tried than that which was tried before the justice of the peace.

Nor did the court err in refusing to compel plaintiff to elect on which count he would stand.

Counsel for appellant err in their construction of the act of 1875.    The requirement upon the company to con-

struct and maintain crossings, where its road crosses a public highway, is imperative, and the provision authorizing overseers, etc., to construct them, if the company fail to do so, after notice given, as required, within sixty days after notice served, etc., at the expense of the company, is not a qualification of the requirement upon the company, but a mode provided for securing the crossings in the event of a failure of the company to construct them. It is in every respect analogous to the section requiring railroad companies to erect fences, and authorizing the owners of lands, through which such a road runs, to erect the fence and recover the expense from the company if the latter fail to build the fence as required by the statute.

Nor is it true that the act of 1875 was intended merely for the protection of travelers upon the highway. It makes the corporation "liable for all damages resulting from neglect to construct such crossing," and it was alleged in plaintiff's statement, and we assume proven on the trial, that the animal was injured in consequence of the defective construction of the crossing in question. The judgment is affirmed. All concur.