Jantzen v. The Wabash, St. Louis & Pacific Railway Co.

---

JANTZEN *v.* THE WABASH, ST. LOUIS & PACIFIC RAILWAY COMPANY, *Appellant.*

1. Railroads; KILLING STOCK: STATEMENT. A statement under R. S., § 809, for double damages for killing plaintiff's cow which alleges that she strayed upon the track at a point "one mile eastwardly from Harlem depot, where the road passes through and along uninclosed lands, where there were no fences on the sides of the road as required by law, and where said defendant has not erected or maintained lawful fences on the sides of said railroad," and was there killed, reasonably excludes the inference that she came on the track at a public crossing or in an incorporated town or city, and sufficiently alleges that she was killed by reason of the failure to fence.

2. ——: ——: EVIDENCE. Where it appears from the evidence that the blood and carcass of the animal are found upon the track at a point which was not but should have been fenced, it will be presumed in the absence of evidence to the contrary, that it entered upon the track at that point.

*Appeal from Clay Circuit Court.*—HON. G. W. DUNN, Judge.

AFFIRMED.

*Wells H. Blodgett* and *Geo. S. Grover* for appellant.

(1) The statement is fatally defective. It does not show that the animal came upon the defendant's track at a point other than a public crossing, or within the switch limits of a station or an incorporated town. *Davis v. M., K. & T. Ry.*, 65 Mo. 441; *Rowland v. St. L., I. M. & S. Ry.*, 73 Mo. 619; *Sullivan v. Hannibal & St. J. Ry.*, 72 Mo. 195; *Asher v. H. & St. J. Ry.*, 79 Mo. 432; *Hudgens v. H. & St. J. Ry.*, 79 Mo. 418. It fails to state that the animal was killed by reason of the failure of defendant to fence its track at a point where such fences were required by law to be erected or maintained. For all that appears in the statement, the injury may have occurred at a crossing or within the switch or corporate limits of a station or town. *Luckie v. C. & A. Ry.*, 67 Mo. 245; *Cunningham v. H. & St. J. Ry.*, 70 Mo. 202; *Sloan v. Mo. Pacific Ry.*, 74 Mo. 48; *Bates v. St. L., I. M. & S. Ry.*, 74 Mo. 60; *Johnson v. St. L., K. C. & N. Ry.*, 76 Mo. 553. (2) There was a complete failure of proof in this case. It was not shown by the evidence where the animal got upon defendant's track. The place where it got upon the track is the thing to be considered. *G. W. R. R. v. Morthland*, 30 Ill. 451; Shearman & Redfield on Neg., 3d Ed., § 462, p. 544; *Cecil v. P. R. R.*, 47 Mo. 246; *Witthouse v. A. & P. R. R.*, 64 Mo. 523; *Snider v. St. L., I. M. & S. Ry.*, 73 Mo. 465; *Bates v. St. L., I. M. & S. Ry.*, 74 Mo. 60.

*Henry Smith* for respondent.

The statement is sufficient. It was filed before a justice of the peace, where plaintiff had judgment by default. Defendant appeared in the circuit court and went

to trial without objecting to the statement. If it is sufficiently specific to be a bar to another action, it is good after verdict. *Iba v. Railroad Co.*, 45 Mo. 469; *Norton v. Railroad Co.*, 48 Mo. 387; *Wood v. Railroad Co.*, 58 Mo. 109; *Cummins v. Railroad Co.*, 70 Mo. 570. In the following cases the statements were held sufficient, although they did not negative the fact that the place where the stock was killed was not a public crossing, switch limits, or an incorporated town: *Bowen v. H. & St. J. R. R.*, 75 Mo. 426; *Snider v. I. M. R. R.*, 73 Mo. 465; *Williams v. M. P. R. R.*, 74 Mo. 453; *Rozelle v. H. & St. J. R. R.*, 79 Mo. 349; *Wymore v. H. & St. J. R. R.*, 79 Mo. 247; *Cowan v. St. L. R. R.*, 80 Mo. 423. This statement meets all the conditions required in section 809, and "its averments if not equivalent to such an allegation, will at least warrant an inference that the cow got upon the track by reason of the failure to fence," and not at a crossing, which is not required by law to be fenced. *Edwards v. K. C. & C. R. R.*, 74 Mo. 117; *Razor v. I. M. R. R.*, 73 Mo. 471; *Bowen v. H. & St. J. R. R.*, *supra*. The presumption of fact is that the cow came upon the track and was injured where the blood and hair marks were. To show the contrary is a matter of defence.

MARTIN, C.—The plaintiff obtained a judgment before a justice of the peace against the defendant under section 809, Rev. Stat. 1879, for the killing of a cow. This judgment was rendered upon a default from which the defendant appealed. The case was tried in the circuit court without jury assistance, and the plaintiff in that court obtained judgment in the sum of $35, from which the defendant appeals.

The defendant objects to the sufficiency of the statement, claiming that it fails to show that the animal came upon the track of the road at a point other than a public crossing or incorporated town or city. This objection is not well taken. The complaint recites that the cow strayed in and upon the track at a point "one mile east-

wardly from Harlem depot, where the road passes through and along uninclosed lands, where there were no fences on the sides of the road as required by law and where said defendant has not erected or maintained lawful fences on the sides of said railroad.'' These allegations reasonably excluded any inference pointing to depots or incorporated limits. The inference is equally strong that the cow was killed by reason of the defendant's failure to fence. It is alleged that the cow strayed upon the *road at a point where* the road was not but should have been fenced, and was killed at that point.

It is, also, objected that the evidence fails to show that the cow entered upon the road at the point where she was killed, and where it is alleged there should have been a fence. I am unable to appreciate the point of this objection in any case where the evidence discloses a killing at a point not fenced, but required to be fenced, in the absence of any evidence of a trespass by the stock. The fact that cattle stray upon a railroad, at a crossing for instance, which the law does not require to be fenced, but are not injured there, affords no defence to any injury of them on the road beyond the limits of the crossing. How can they from the crossing reach any point on the track beyond the limits of the crossing, if the sides of the highway crossing the track are protected with lawful fences and cattle guards so as to prevent them from reaching the point of injury? Manifestly they can do this only by commission of a trespass—a thing to be proved and not presumed.

There is no express statement in the testimony that the cow entered upon the track where she was killed. But the facts appear in evidence that her hair and blood and carcass were found on the track at a point which was not, but should have been, fenced. In the absence of evidence to the contrary the natural inference is that she entered upon the track at that point, not that she entered upon the track at a highway crossing and jumped over fences and cattle guards to get there.

Jackson v. Hardin.

Judgment affirmed.   All concur, except Hough, C. J., absent.