R. F. McGuire, Respondent, v. The Missouri Pacific Railway Company, Appellant.

Kansas City Court of Appeals, November 22, 1886.

1. Killing of Stock—Place Where Injury Occurred—Duty to Fence.—In an action for damages, under section 809, Revised Statutes, for killing of stock, the evidence failed to show the point of entrance upon the railroad track, but it clearly appeared that the point where the stock was killed was such an one as the law requires to be fenced. In the absence of evidence to the contrary the inference is that the stock entered upon the track at that point. *Jantzen v. Railroad*, 83 Mo. 171.

2. Special Verdict—Sufficiency of Finding.—Where the court instructed the jury to return as a special verdict an answer to this question, " At what point did these sheep get on the railroad track?" etc., and the answer by special verdict was : " We, the jury, believe the sheep got on the said railroad track at a point," etc. *Held*, to be a sufficient finding and not the mere opinion of the jury. Adopting view of St. Louis court of appeals in *Brick Company v. Railroad*, 21 Mo. App. 648.

Appeal from Jasper Circuit Court, Hon. M. G. McGregor, Judge.

*Affirmed.*

The case is stated in the opinion.

ADAMS & BOWLES, for the appellant.

I. The finding upon the issue presented by the defendant and submitted by the court to the jury, should have been direct and positive. *Morrow v. Commissioners*, 21 Kas. 484.

II. The court erred in refusing to require the jury to find specifically upon the issue submitted. *Railroad v. Perry*, 34 Kas. 483; *Bohler v. Ranch Co.*, 31 Kas. 502; *Morrow v. Commissioners, supra.*

III. Proof that there was no fence at point where the sheep entered upon track and were killed is not sufficient to support the judgment. *Harrington v. Railroad*, 71 Mo. 384; *Berry v. Railroad*, 65 Mo. 152. *Johnson v. Railroad*, 80 Mo. 620; *Peddicord v. Railroad*, 85 Mo. 160.

GREEN & PERKINS, and JAS. H. HARKLESS, for the respondent.

I. Where stock are found killed on the railroad track at a point where the company is required to fence, and there is no evidence where they got on the track, it will be presumed they got on the track where they were killed. *Jantzen v. Railroad*, 83 Mo. 171.

II. On the word "believe," examine *Johnson v. Dispatch Co.*, 2 Mo. App. 565; *Brick Co. v. Railroad*, 21 Mo. App. 648, as contained in the special verdict in this case.

ELLISON, J.—This action was begun before a justice of the peace to recover double damages under section 809, Revised Statutes, for killing thirty head of plaintiff's sheep and injuring others. Judgment was rendered by default before the magistrate, when defendant appealed to the circuit court of Jasper county, where, on trial, judgment was again rendered for plaintiff, defendant appealing to this court.

Among other instructions asked by defendant was the following, to-wit:

"The court instructs the jury to return as a special verdict an answer to this question: At what point did these sheep get on the railroad track? and answer and return said special verdict, signed by your foreman, in addition to your general verdict." Under this instruction the jury, in addition to a general verdict, brought in a special verdict as follows: "We, the jury, believe the sheep got on said railroad track at a point," etc.

There are two objections against the action of the trial court, which have been brought specially to our attention. First, it is stated that, as the evidence fails to show at what point on the track the sheep strayed thereon, so that it might be seen whether it was a point at which the company was bound to fence, the judgment cannot be supported. The evidence does fail to show the point of entrance, but it clearly appears that the point where the sheep were killed was such an one as the law requires to be fenced. The facts in this case bring it fairly under that of *Jantzen v. Ry. Co.* (83 Mo. 171). It is there said that "There is no express statement in the testimony that the cow entered upon the track where she was killed. But the facts appear in evidence that her hair, and blood, and carcass were found on the track at a point which was not, but should have been fenced. In the absence of evidence to the contrary, the natural inference is that she entered upon the track at that point, not that she entered upon the track at a highway crossing and jumped over fences and cattle guards to get there."

The second objection is that the statement in the special verdict that we "believe" the sheep got on the track, etc., is not a finding, being the mere opinion of the jury. This identical question was before the St. Louis court of appeals in the case of *E. & H. Brick Company v. Railway Company* (21 Mo. App. 648), and was ruled against the defendant. It was there stated that "the *belief* of the jury, derived from the evidence, is the basis of every verdict, and is so generally made

to appear in the form of the instruction : ' If you be-
lieve from the evidence,' " etc.

We are inclined to adopt this view. The judgment
is, therefore, with the concurrence of the other judges,
affirmed.