SAMUEL PEARSON, Respondent, v. THE CHICAGO,
BURLINGTON & KANSAS CITY RAILWAY
COMPANY, Appellant.

Kansas City Court of Appeals, February 4, 1889.

1. **Railroads**: LIABILITY FOR STOCK KILLED: ENTRANCE OF ANIMAL
ON TRACK. It is settled law in this state that a railroad company
is not liable under section 809, Revised Statutes, unless the stock
get upon the track at a place where the company is required to
fence, no matter where it may be killed or injured. The place of
killing or injury will be presumed to be the place of entrance upon
the track in the absence of evidence to the contrary; and if the
place of killing or injury, or of entrance on the track, is not
shown, the company is not liable.

2. ———: ———: ———: SWITCH LIMITS. Where plaintiff's conten-
tion is, that his horse came upon defendant's track between the
head of a switch and a cattle-guard; and the undisputed evidence
shows that placing the cattle-guard any nearer the head of the
switch would endanger the lives of defendant's employes in the
switching necessary to the transaction of station or depot business,
plaintiff, under such a state of case, ought not to recover.

3. ———: ———: EXTENT OF STATION GROUNDS: HOW DETERMINED.
It is settled law that a track of a railroad, whether in or outside
of town limits, need not be fenced at a station where, for the
accommodation of the public and the convenience of the railway
in the reception and discharge of freight and passengers, it is neces-
sary that it should be left open, and such open space should be
free from peril to its employes and inconvenience to the public,
and what amount of such space is necessary should be determined
on the evidence as are other matters, and not be left to the deter-
mination of the railway.

*Appeal from the Sullivan Circuit Court.*—HON. G. D.
BURGESS, Judge.

REVERSED.

*H. H. Trimble, Jno. P. Butler* and *J. H. Carroll,* for appellant.

(1) There was no evidence as to where the horse came upon the railroad track. *Bennett v. Railroad,* 19 Wis. 145; *Goodbar v. Railroad,* 1 West. Rep. 133; *Bremmer v. Railroad,* 20 N. W. Rep. 687. (2) If it should be conceded that the horse went upon the track south of the cattle-guard where there was no fence, still that was upon depot grounds and there was no duty to fence. *Lloyd v. Railroad,* 49 Mo. 199; *Swearingen v. Railroad,* 64 Mo. 75. (3) Instruction one is erroneous in pemitting a recovery, even though the horse went upon the track at the depot grounds. *Lloyd v. Railroad,* 49 Mo. 199; *Morris v. Railroad,* 58 Mo. 78; *Robinson v. T. R. Co.,* 22 Mo. App. 141. (4) If the side-track and switch were part of the station grounds, then the defendant was entitled to place the cattle-guards a reasonable distance beyond the switch, and was not required to fence such space. *Lloyd v. Railroad,* 49 Mo. 199; *Railroad v. Willis,* 93 Ind. 507; s. c., 19 Am. & Eng. R. R. Cas. 565; *Kneadle v. Railroad,* 19 A. & E. Ry. Cas. 568; *Allen v. Railroad,* 5 A. & E. Ry. Cas. 620; *Snow v. Railroad,* 8 Allen, 441; *Lewis v. Railroad,* 59 Mo. 495. (5) If we are right upon the last proposition, then the defendant was the final judge as to the extent of its depot grounds and the location of the cattle-guards, and the exercise of this judgment cannot be questioned in this collateral proceeding. *McGrath v. Railroad,* 24 N. W. Rep. 854; *Lull v. Railroad,* 28 Mich. 510; *Railroad v. Campbell,* 47 Mich. 265; *Davis v. Railroad,* 26 Iowa, 550; *Rogers v. Railroad,* 26 Iowa, 558; *Packard v. Railroad,* 30 Iowa, 474; *Latty v. Railroad,* 38 Iowa, 250; *Blair v. Railroad,* 20 Wis. 264; *Railroad v. Caldwell,* 9 Ind. 397; *Railroad v. Griffin,* 31 Ill. 303; *Railroad v. Beatty,* 36 Ind. 15; *Railroad v. Christy,* 43 Ind. 145.

No brief for respondent.

ELLISON, J. —Plaintiff brought this action under section 809, Revised Statutes, charging that his horse was killed by defendant's cars at a point, in Sullivan county, where the road was not fenced and where the law required it should have been fenced. There was a verdict and judgment for plaintiff and defendant appeals.

The evidence, as disclosed by plaintiff's abstract, shows that the horse was found with its fore-leg broken and with no other mark or wound save a wound on one hip. The place where found is near the town of Boynton, but whether in or outside the town limits does not appear. There is a depot and station ground in the town, a lengthy switch or side-track running on the east side of the depot building and connecting, at either end, with the main track, a considerable distance north and south of the depot. At the head of the switch at the north end, there is a highway crossing, and one hundred and twenty feet north is a cattle-guard, properly connected by fence which encloses defendant's track thence on north. North of the cattle-guard, a few feet inside the fencing so enclosing defendant's track, the horse was found as stated. Plaintiff's contention is, as we gather from the record, that the horse entered on defendant's track on the one hundred and twenty feet open space south of the cattle-guard and north of the head of the switch. Defendant's position is, that there is no evidence that the animal entered on this space, but that if it did, such space was a part of its switch limits and depot grounds and necessarily left unfenced for the convenience of itself and the public in transacting the business incident to its calling.

I. It has been frequently determined in this state that a railroad company is not liable under section 809, Revised Statutes, unless the stock *got upon the track* at

a place where the company is required to fence, no matter where it may be killed or injured. *Ehret v. Railroad*, 20 Mo. App. 251; *Nance v. Railroad*, 79 Mo. 196. There is no evidence whatever as to where the horse got upon defendant's track. It has been ruled that if the place of killing or injuring is shown, it will be presumed, in the absence of anything to the contrary, that the animal strayed upon the track at that point (*McGuire v. Railroad*, 23 Mo. App. 325); but in this case, the point where the animal was struck is not shown, nor is there anything disclosed from which it can be reasonably inferred, unless we draw the inference that it was struck at the point where marks were found by the side of the track and where the animal itself was found. But if it got upon the track at that point, it was a place shown by the testimony to have been properly fenced, and where, therefore, defendant would not be liable for the injury.

II. The evidence discloses that the unfenced space between the highway and the cattle-guard was used by the defendant company for switching purposes in connection with the station and depot. The evidence showed in addition, and the matter was not disputed, that if the cattle-guard was placed any nearer the head of the switch than was this one, it would endanger the lives of defendant's employes in the switching necessary to the transaction of station or depot business with the general public. Under such state of case plaintiff ought not to recover. If a railway company wilfully places that in its track which will unduly hazard the life and limb of its employe in the performance of the service required of him, it is liable to such servant for an injury thereby occasioned. *Lewis v. Railroad*, 59 Mo. 495. This being true, it is altogether out of the question to hold such company liable in another direction for not doing so. The law should be administered as nearly consistently as may be, and in no case should a party

be placed in a legal dilemma. In *Lloyd v. Railroad*,
49 Mo. 199, and many cases since, approving it, it is
held that the track need not be fenced at a station where,
for the accommodation of the public and the convenience
of the railway in the reception and discharge of freight
and passengers, it is necessary that it should be left open.
A railway company receives and discharges much of its
freight not immediately onto or into its depot, but on its
side-tracks at its stations, and in transacting this business
it necessarily switches cars on and off these side-tracks.
To do this, it should have space which is free from peril
to its employes and inconvenience to the public. In
*Railroad v. Willis*, 93 Ind. 507, it was held that a rail-
way company should not be required to fence switching
grounds connected with the station, where such fencing
would endanger the lives of its employes in transacting
the business of the company. I think the view we are
here taking of this question does not run counter to that
of the supreme court in *Morris v. Railroad*, 58 Mo. 78.
That decision expressly recognizes the rule so often laid
down before and since its rendition, "that the company
is not required to fence such grounds as are necessary to
remain open for the use of the public and the necessary
transaction of business at the depot or station." This
case is not an extension of that rule, the only difference
in the two cases being that here we say that, in passing
on the question of what open space is needed for "the
necessary transaction of business at the depot or sta-
tion," regard should be had to the safety of the life and
limb of the servants who manually transact that busi-
ness. So that where it is satisfactorily shown that at
the point where the animal entered upon the track, there
could not have been placed fences, or cattle-guards,
without imperiling the lives of the employes of the
company, it is not liable, without proof of negligence.
We find it is held in some jurisdictions that the railway
company is itself the judge of what space is necessary

for the transaction of its business with the public, but to this we do not agree. In our opinion such questions should be determined on the evidence, as are other matters.

The judgment is reversed. All concur.