WILLIAM JENNINGS, Respondent, v. THE ST. JOSEPH & ST. LOUIS RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, December 2, 1889.

Railroads: KILLING STOCK: DEPOT GROUNDS. In an action against a railroad under section 809, Revised Statutes, 1879, plaintiff's evidence tended to show that the cow killed got upon the track within a space outside the town limits and between the head of the switch and the cattle-guard—a distance of one hundred and forty feet, and defendant's uncontradicted evidence showed that the cattle-guard and the fence could not be placed nearer the head of the switch without hindering the transaction of its business and endangering the lives of its employes in switching its trains, *held*, plaintiff could not recover.

*Appeal from the Ray Circuit Court.*—HON. JAMES M. SANDUSKY, Judge.

REVERSED.

*G. Lathrop, C. T. Garner, Sr., & Son, S. W. Moore,* for the appellant.

Where the undisputed evidence shows that the distance between the cattle guard and the switch cannot be lessened without endangering the lives of the railroad

company's employes, the company is not required to fence, and is not liable for the killing of stock occurring there under section 809, Revised Statutes. *Pearson v. Railroad*, 33 Mo. App. 543; *Lloyd v. Railroad*, 49 Mo. 199; *Railroad v. Willis*, 93 Ind. 507; *Kneadle v. Railroad*, 19 A. & E. R. R. Cas. 568; *Allen v. Railroad*, 5 A: & E. R. R. Cas. 620; *Snow v. Railroad*, 8 Allen, 441; *Lewis v. Railroad*, 59 Mo. 495.

*J. W. Shotwell*, for the respondent.

(1) Defendant was bound to erect good and substantial fences on the sides of its road, between the town line and cattle-guard, or else pay for damages to stock straying on the road, section 809, Statutes of 1879. In *Pearson v. Railroad*, 33 Mo. App. 543, the cattle-guard was one hundred and twenty feet south of the switch head; in this case it is from one hundred and fifty to one hundred and sixty feet, and the distance from the town line to cattle-guard is twenty-eight feet. The cow was struck, from the weight of testimony, within ten feet of cattle-guard, and from the testimony the cattle-guard could have been placed the twenty-eight feet further east. In this case the cow was struck in open grounds and not beyond the cattle-guard. (2) All stock, except a few prohibited of the male kind, may run at large and enter any unenclosed lands without committing a trespass, whether it be the stock of the owner or others. In this state it is the duty of owners of premises to fence out stock by a lawful fence, and no stock is guilty of a trespass except over a lawful fence. Sections 5652 and 5655, Statutes, 1879. *Farris v. Railroad*, 30 Mo. App., does not apply to the facts of this case and the same is true of the other authorities cited by defendant.

GILL, J.—This is an action for damages brought under section 809, Revised Statutes, 1879, for killing

plaintiff's cow at a point on defendant's railroad where, it is alleged, a duty rested on defendant to fence its tracks, and which duty had not been performed.

The evidence discloses that the cow entered upon the track of the railroad, and was killed near the western corporate limits of the town of Lawson. The jury evidently found that such entry was just outside the town limits. The railroad passes through the town east and west, with a depot located about six or seven hundred feet east of the western town limits. A side track is constructed along from the depot east and west, connecting by switches with the main track at either end. The right of way of the railroad is fenced to within twenty-eight feet of the western town limit where there is a cattle guard, which is about one hundred and thirty-five to one hundred and forty feet west from the west end of the switch. This space from the cattle-guard on the west to the cattle-guard east of the depot is left open and unfenced. Plaintiff's contention is that the cow entered upon the space of twenty-eight feet outside the town limits (and there is evidence tending so to show), and that as it was not fenced the railroad company is liable in double damages for the injury committed. Defendant's position is that it was not in duty bound to fence this space, since in order to transact its business at the depot and protect its employes in handling trains at the switch the cattle-guard and fencing could not safely be permitted nearer to the depot and switch grounds than as located.

This defense of the railroad company was clearly and uncontrovertibly established by the evidence, and we must hold that no case was made against the defendant, for the same reasons as heretofore declared by this court in a controversy "on all fours" with the case now under review. *Pearson v. Railroad*, 33 Mo. App. 546. By the evidence adduced at the trial of this cause, it remains uncontradicted, that a placing the cattle-guard and fencing nearer to the head of the switch than

as constructed would endanger the lives of the employes in switching trains about the depot grounds at Lawson. As said in *Pearson v. Railroad, supra:*—"If a railroad company wilfully places that in its track which will unduly hazard the life and limb of its employe in the performance of the service required of him, it is liable to such servant for an injury thereby occasioned. This being true, it is altogether out of the question to hold such company liable in another direction for *not* doing so."

The learned judge who tried this case very clearly submitted instructions covering this theory of the defense, and if the evidence had not been entirely one way we should not disturb the judgment. But there is no conflict in the evidence. A clear defense was made out, without a scintilla of testimony against it, and the court should have declared to the jury that the plaintiff could not recover.

Judgment reversed; all concur.