Straub v. Eddy.

.WILLIAM STRAUB, Respondent, v. GEO. A. EDDY *et al.*, Receivers, Appellants.

Kansas City Court of Appeals, December 7, 1891.

1. **Trial Practice :** KILLING STOCK: PLEADING : DIFFERENT COUNTS : ELECTION. Plaintiff can unite in the same petition two counts for the same cause of action, one under section 2611, and the other under section 2124, Revised Statutes, 1889, and is entitled to go to the jury on both, and will not be compelled to elect.

2. **Appellate Practice :** FINDING ON ONE COUNT. Where the jury finds on one count for the appellant, it eliminates all errors and rulings of the trial court in reference to such count, and the appellate court will not review them.

3. **Railroads :** STATION GROUNDS : KILLING STOCK : JURY QUESTION. In an action against a railroad company for killing stock, whether the place where the plaintiff's animals strayed upon the defendant's railway track was not only within the claimed station grounds and switch limits, but also whether such grounds were necessary for the company in conveniently and safely transacting its business and for the accommodation of the public transacting business at the station, is a question for the jury. The extent of station grounds is a matter of discretion, the reasonableness of which is the subject of review by the courts.

4. ———— : ———— : ———— : INSTRUCTIONS : COMMON FAULT. Instruction as to the extent of station grounds approved as right, and, if erroneous, the appellant's instructions contained the same fault.

5. ———— : TRIAL PRACTICE : REPETITION. OF INSTRUCTION. It is not error to refuse instructions which are substantial repetitions of others given.

*Appeal from the Cooper Circuit Court.*—HON. E. L. EDWARDS, Judge.

.AFFIRMED.

*Jackson & Montgomery*, for appellants.

(1) The plaintiff erroneously combined two inconsistent and contradictory counts for the same injury in

same petition, and should have been required to elect upon which he would proceed to trial. Bliss, Code Pl., sec. 122 ; 1 Chitty Pl. 243, 288, 399 ; *Sipperly v. Railroad*, 9 How. Pr. 83 ; *Wood v. Railroad*, 58 Mo. 109, 115. Suit cannot be brought under section 2611, Revised Statutes, and a recovery had under section 4428, or under the common law. *Wood v. Railroad*, 59 Mo. 109, 115 ; *Cary v. Railroad*, 60 Mo. 209, 213; *Crutchfield v. Railroad*, 64 Mo. 255 ; *Edwards v. Railroad*, 66 Mo. 567 ; *Rhea v. Railroad*, 84 Mo. 345. A recovery at common law or under section 4428 is grounded on negligence, while, under section 2611, the essential element is the failure to fence, and under the latter section the question of negligence cannot be raised. , *Cary v. Railroad*, 60 Mo. 209 ; *Crutchfield v. Railroad*, 64 Mo. 255. ( 2 ) The uncontradicted evidence shows that the animals got on the railroad ground and track within the station limits of the village of Harriston and within the switch limits of said station. At that point defendants could not have fenced, and the court erred in refusing the demurrer to the evidence, and in submitting the issues, under the second count, to the jury. *Robinson v. Railroad*, 21 Mo. App. 141 ; *Pearson v. Railroad*, 33 Mo. App. 546 ; *Jennings v. Railroad*, 37 Mo. App. 650. ( 3 ) The plaintiff's second instruction is erroneous, because unwarranted by the evidence ; because it wholly omits depot grounds and switch limits from the exceptions to places for fencing, and submits an issue of common-law negligence not included in the pleadings. *Swearingen v. Railroad*, 64 Mo. 73 ; *Loyd v. Railroad*, 49 Mo. 199; *Lewis v. Railroad*, 59 Mo. 495. ( 4 ) The plaintiff's third instruction is erroneous because it authorizes the jury to consider matters immaterial, and not in evidence, and to rely upon their own opinions and views of the matter, in determining the part of the railroad that should not be fenced. ( 5 ) The court erred in refusing defendant's fourth instruction, because there was no evidence whatever to sustain the first

count. And the court also erred in refusing defendants' fifth and sixth instructions, because they correctly set forth the obligations of the defendants in the matter of fencing, both toward the public and defendants' employes,—and especially was it error to refuse these instructions after having given plaintiff's third instruction.

*John R. Walker*, for respondent.

(1) The court committed no error in overruling defendant's motion to require plaintiff to elect on which count he would stand. It has long been customary in this state to include different counts in a petition, for the same cause of action. *Brownell v. Railroad*, 47 Mo. 239 ; *Russell v. Railroad*, 83 Mo. 507 ; *Wade v. Railroad*, 78 Mo. 362 ; *Silver v. Railroad*, 78 Mo. 528 ; *Braxton v. Railroad*, 77 Mo. 455 ; *Brinkman v. Hunter*, 73 Mo. 172 ; *Gas Co. v. City of St. Louis*, 86 Mo. 495 ; *Lancaster v. Ins. Co.*, 92 Mo. 460 ; *Lincoln v. Railroad*, 75 Mo. 27. (2) Where the railroad does not pass through the town, but on the contrary ( as in this case ) the entire roadbed as well as right of way on either side is entirely outside the limits of the town, the road must be fenced. *Kirkland v. Railroad*, 82 Mo. 466. There is no reason why defendant should not fence its road along each side of the road where it has a switch, as well as at other places. Where a switch extends along the main track for a considerable distance through an open prairie, it is just as necessary and practicable to have the road fenced as upon any other part of the road. *Morris v. Railroad*, 58 Mo. 78 ; *Russell v. Railroad*, 26 Mo. App. 368. It is a question for the jury to determine, whether the railroad could be fenced at a given point. *Morris v. Railroad*, 58 Mo. 78 ; *Russell v. Railroad*, 26 Mo. App. 368 ; *Bradley v. Railroad*, 34 N. Y. 427 ; *Johnson v. Railroad*, 27 Mo. App. 379. The object and purpose of the statute requiring fences

to be built is to protect the traveling public. *Gorman v. Railroad*, 26 Mo. 44; *Trice v. Railroad*, 49 Mo. 438; *Barnett v. Railroad*, 68 Mo. 56 ; *Spealman v. Railroad,* 71 Mo. 434 ; *Rutledge v. Railroad*, 78 Mo. 186 ; *Stanley v. Railroad*, 84 Mo. 625. (5) Plaintiff's first and third instructions were copied from the instructions approved by this court in case of *Jennings v. Railroad*, 37 Mo. App. 651. Plaintiff's second instruction was properly drawn. Defendant's fourth instruction was properly refused ; there was evidence showing that the animals came on the track outside the limits of the village of Harriston. Defendant's fifth and sixth instructions were properly refused. Both ignored any interest or necessity of the public, and the sixth declared as a matter of law, that placing cattle-guards in the switch limits would endanger the lives of the employes, when this was a question for the jury. *Jennings v. Railroad*, 37 Mo. App. 651. Inconvenience is no excuse. It must take the chances of paying for injuries sustained by reason of cattle-guards not being built, or it must keep a sufficient watch to prevent accidents. *Bradley v. Railroad*, 34 N. Y. Ct. App. 427. "Neither courts nor juries can disregard a plain requirement of the statute, however unwise both may consider it." *Mann v. Williamson*, 70 Mo. 661.

SMITH, P. J.—This was an action brought by plaintiff against the defendants, receivers, operating the Missouri, Kansas & Texas Railway Company, for the recovery of damages for injuries to a mare and colt. The petition contained two counts, one based on section 2611, and the other on section 2124, Revised Statutes. The plaintiff had judgment on the second count of the petition from which defendants have appealed. Defendants assail the judgment on a number of grounds which we shall now proceed to examine in the order of their assignment.

I.   The defendants contend that the plaintiff erro-
neously combined two inconsistent and contradictory
counts for the same injury in their petition, and that,
therefore, the circuit court committed error in refusing
to require him to elect on which of these he would pro-
ceed to trial.   The two counts of the petition claim
damages for but one and the same injury.   They con-
tain but one subject-matter of complaint, the injury to
the plaintiff's mare and colt, and, therefore, but one
cause of action, although stated in different ways to
meet the evidence.   Though each count is based on dif-
ferent statutes, there is but one injury and one action,
not two subjects of complaint, but two different state-
ments for the same injury.   This is allowable.   *Lin-
coln v. Railroad*, 75 Mo. 27 ; *Brownell v. Railroad*, 47
Mo. 239 ; *Brinkman v. Hunter*, 73 Mo. 172 ; *St. Louis
Gas Co. v. St. Louis*, 86 Mo. 495 ; *Rainy v. Baker*, 48
Mo. 539 ; *Lancaster v. Ins. Co.*, 92 Mo. 460 ; *Newton v.
Miller*, 49 Mo. 298 ; *Brady v. Connell*, 52 Mo. 19 ; Bliss,
Code Pl., sec. 120.   The statement of the injury in the
counts of the petition not being contradictory nor incon-
sistent, there was no error in the action of the court in
refusing to compel the plaintiff to elect on which count
he would proceed.   He had the right to go to the jury
on both counts.   *Lincoln v. Railroad, supra ; Brink-
man v. Hunter, supra.*

II.   In view of the fact that the jury found for the
defendant on the first count of the petition, it becomes
unnecessary to examine the evidence for the purpose of
determining whether the court erred in refusing to sus-
tain the defendant's demurrer to the evidence or in
giving instructions thereon, or in submitting the issue
therein to the jury.   *Cory v. Railroad*, 60 Mo. 209.

III.   The defendants further centention is, that the
mare and colt strayed upon the defendant's right of
way and track within the station limits of the village
of Harriston, and within the switch limits of the station,
and that at that point the defendants could not have

·fenced, and hence the court erred in refusing the ·demurrer to the evidence, and in submitting the issues under the second count. It was a question of fact to be ·determined by the jury from all the evidence, whether the point where the plaintiff's animals strayed upon the defendant's railway track was not only within the claimed station grounds and switch limits, but also whether the point was necessary for the company's use in conveniently and safely transacting its business and the accommodation of the public transacting business at the station. The defendants could not arbitrarily determine for themselves the question of the necessity for the space they claim for their station grounds and :switch limits and where they should build cattle-guards. 'This was a matter of discretion,· the reasonableness of ·which is the subject of review by the courts. It was ·the duty of the trial court to submit to the jury the ·question of the necessity of the ground in question for ·the defendants' use. *Johnson v. Railroad*, 27 Mo. App. .379 ; *Russell v. Railroad*, 26 Mo. App. 368.

We cannot say there was no evidence adduced, the :tendency of which was to show that defendants may :not have fenced their road where the plaintiff's ani- ·mals strayed upon their railway track, without caus- ing inconvenience either to the agents, servants and employes of defendant, or to those who might have occasion to transact business with defendant's railway, or the public at said point. No part of the road ran ·through the village of Harriston, as appears from the ·plat contained in the bill of exceptions. It appears ·that the defendant's track abuts against the western ·boundary of the village, and that there is one hundred feet of ground intervening. The village is east of the ·defendant's road, and its location is entirely imma- ·terial for the purpose of determining the right of the parties to this action. The station and switch limits must be considered as though the village was not there,

or as if it were a hundred yards instead of a hundred feet away from the line of the defendant's roadway. The switch was shown to be thirteen hundred feet long. The necessity for its maintenance is hardly apparent, for the undisputed evidence is that it was seldom used, for the reason there were very few cars loaded there. Hence, in determining the question whether it was necessary that defendants should have left their railway track unfenced at the point where plaintiff's animals strayed upon the track, it is proper to submit to the jury, for its consideration, the nature and situation of the place, its distance from the depot, and the relation of the place to its surroundings and the use made of that part of the road by the defendants and the public. The court very properly overruled the demurrer to the evidence under the second count.

IV. The plaintiff's first instruction, which was drawn under the first count, need not be considered, since the jury, as has been already remarked, found for the defendant on that count. And, as to his second, we think it very fairly declares the rule applicable to the evidence under the section of the statute on which the second count was based. It directed the jury, among other things, that, if the defendant could have fenced their railroad at the point where the plaintiff's animals came upon the track without causing inconvenience either to the servants, agents and employes of defendant or to those who might have occasion to transact business with defendants, and without unnecessarily increasing the hazard of life and limb of the defendant's trainmen in the necessary discharge of their duties and work in operating their said road, and it was necessary for the public and the defendant that said railroad at such point should be left open and unfenced, then their verdict should be for plaintiff. The objection that this instruction omits to mention the "depot grounds and switch limits," in the exception, is without force. This

was unnecessary under the broad and comprehensive language of the exception; besides, the defendant's instructions are subject to a like fault, if it be a fault.

The plaintiff's third instruction was approved in *Jennings v. Railroad*, 37 Mo. App. 651, which in many respects was a case similar to this.

V. The first and second instructions given for defendants are substantially the same as the fifth and sixth, which were refused, so that there seems to be no ground of complaint based on the action of the court in refusing instructions.

We do not believe that there has been any error committed by the circuit court against the defendants materially affecting the merits of the action, so that it results that the judgment must be affirmed. All concur.