JOHN M. CRENSHAW, Respondent, v. THE ST. LOUIS, KEOKUK & NORTHWESTERN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, May 9, 1893.

Railroads: OBLIGATION TO FENCE RIGHT OF WAY. A railway company is not required to fence such grounds, as the use of the public and the necessary transaction of business at its depot or station require to remain open.

*Appeal from the Pike Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED.

*Palmer Trimble* and *Clark & Dempsey,* for appellant.

*Charles Martin,* for respondent.

The place where the steer entered upon the track, and where it was killed, was not a part of appellant's station grounds, nor was it necessary to leave it open for the benefit of the public or the transaction of the business of the company. The necessity for leaving this space open must be shown in order to avoid a liability. It was outside of the town of Foley and not within the station grounds. The evidence did not satisfy the jury that it was necessary. The jury passed upon the question, as it was instructed to do by instructions given for appellant. *Morris v. Railroad,* 58 Mo. 78; *Bean v. Railroad,* 20 Mo. App. 641; *Hamilton v. Railroad,* 87 Mo. 85.

BOND, J.—This action was begun before a justice of the peace of Lincoln county. Thereafter, upon

appeal to the circuit court, a change of venue was taken to Pike county. The cause of action set forth in the amendment there made was the killing of a steer, of the value of $12, on the appellant's railroad track in Burr Oak township, Lincoln county, at a point where the law required it to be fenced and where it was not inclosed by lawful fence and cattle-guard. The jury returned a verdict for the respondent, from which appeal is taken.

The only instruction offered by appellant was a demurrer to the evidence. This the court declined to give; to this ruling the appellant duly excepted, and it assigns the same as error. This necessitates an examination of the evidence. The proof was that the railroad of appellant ran through the town of Foley, Lincoln county, on a north and south line. The testimony of John Bricker was that there was a cattle-guard south of Mill street, and distant therefrom seven hundred and fourteen feet, and that it was between these points the steer was struck by the engine and knocked over the cattle-guard (south) into the appellant's right of way; that there was a spur-track running from a point on the appellant's main track (northeasterly) to a point seventy-five or a hundred feet north of the mill site.

McNutt testified that the steer was killed eight or ten feet north of the cattle-guard; that this cattle-guard was eighty-four feet south of the point where the main track branches off, and was seven hundred and fourteen feet south of Mill street.

There was evidence (Bricker recalled) tending to prove that the railroad built the fencing on the sides of its right of way north of the south cattle-guard on its main track; on the west line this fencing stopped at the mill. There was evidence tending to prove that north of the mill there was no fencing nor inclosure of

the right of way on the track of the railroad company. There was also testimony tending to show that from the mill site north (on the west line of this track) there was no inclosure nor fencing; that there was a public street, however, within this space (Mill street) and some distance north. The depot of appellant was located in the town of Foley, which town contained about three hundred inhabitants.

There was evidence from which it was inferable that the steer entered upon appellant's track at an unfenced point between the mill site and Mill street, or between the latter and the depot. The uncontradicted evidence was that this space between the mill and Mill street, and between the latter and the depot, was used for the business of the railroad and the accommodation of the public, and also that the space between the head of the switch and the cattle-guard could not be lessened without danger to employes.

The transcript in this case does not contain the map or drawing offered in evidence by the respondent, the statement therein being that it was "not furnished the clerk."

In order to maintain an action under section 2611 of the Revised Statutes, 1889, the plaintiff must adduce evidence showing actually or presumptively that the animal sued for entered upon the track of the defendant railroad company at a point where it was required by law to fence or protect the same. It is also the law that, when there is no other evidence to show the point of entrance except the location of the injury, then the point of injury, if unfenced, may be presumed to be the point of entrance on the track. *McGuire v. Railroad*, 23 Mo. App. 325; *Jantzen v. Railroad*, 83 Mo. 171.

A railroad company is not required to fence such grounds as are necessary to remain open for the use of the public and the necessary transaction of business at

the depot or station. *Morris v. Railroad*, 58 Mo. 78; *Bean v. Railroad*, 20 Mo. App. 641. Where exemption from liability is claimed on this ground, the burden of proving the necessity for leaving its tracks unfenced and unguarded is cast upon the railroad company, and the issue on this point, being a mixed question of law and fact, must be' submitted in all cases of conflicting evidence to the jury. *Hamilton v. Railroad*, 87 Mo. 85; *Bean v. Railroad, supra; Straub v. Eddy*, 47 Mo. App. 189, 194; *Jennings v. Railroad*, 37 Mo. App. 651; *Pearson v. Railroad*, 33 Mo. App. 543.

It must be conceded that the evidence in this record, that the unfenced portions of the appellant's track were left open for the safe and necessary transaction of their business at the town of Foley, is not contradicted by any evidence contained in the transcript which we have carefully examined. The transcript, however, discloses the omission of a plat introduced in evidence by the respondent; it appears also from an affidavit filed in this record that this plat was *twice* requested for use in making up the transcript. I am satisfied from the statement in the respondent's brief that he did not receive the letters referred to in said affidavit.

The evidentiary force of this plat and the testimony explanatory thereof may be material to the rights of the respondent, as contradictory of the appellant's testimony as to the necessity of leaving the track unfenced. For this reason and in the absence of said plat, apparently without fault or purpose on either side, I think the cause should be remanded for new trial; but, as my associates are of opinion that under the uncontroverted facts of this case there can be no recovery for double damages, and, as we are all of opinion that the judgment is bound to be reversed, the judgment will be reversed without remanding the cause. So ordered.