H. B. SPOONER, Appellant, v. ST. LOUIS SOUTHWESTERN RAILWAY COMPANY, Respondent.

St. Louis Court of Appeals, March 24, 1896.

Railroads: KILLING OF STOCK: BURDEN OF PROOF. In an action for double damages for the killing of stock the plaintiff establishes a *prima facie* case by proof, that the railroad was not fenced at the point where the stock was killed upon it; and then it devolves upon the railway company to prove, if it relies thereon as a defense, that its railroad could not have been fenced at that point, and that cattle guards could not have been placed there, without endangering the lives of its employees. But this rule is not available to a plaintiff, when his own evidence establishes that defense.

*Appeal from the New Madrid Circuit Court.*—HON. HENRY C. RILEY, Judge.

AFFIRMED.

*Wilson Cramer* and *C. L. Keaton* for appellant.

*S. H. West, D. R. Cox,* and *W. H. Miller* for respondent.

If the undisputed proof shows that the point where the mare was struck and killed was outside of the city limits and switch limits, yet where the company could not have fenced without endangering the lives of its employees, or materially interfering with its business, then, in the absence of a showing of negligence, the

plaintiff could not recover, and the court was entirely right in peremptorily instructing the jury to find the issues for the defendant. *Pearson v. Railroad*, 33 Mo. App. 543; *Lloyd v. Railroad*, 49 Mo. 197; *Willis v. Railroad*, 93 Ind. 507; *Jenning v. Railroad*, 37 Mo. App. 651; *Crenshaw v. Railroad*, 51 Mo. App. 166; *Crenshaw v. Railroad*, 54 Mo. App. 233; *Grant v. Railroad*, 56 Mo. App. 65; *Vanderworker v. Railroad*, 51 Mo. App. 166; *Swearingen v. Railroad*, 64 Mo. 73.

BOND, J.—This action is on three counts for the killing of plaintiff's mare on the defendant railroad. It was begun before a justice, appealed to the circuit court, and by change of venue taken to the circuit court of New Madrid county, where the court, after the submission of all the evidence, directed a verdict for defendant, from which plaintiff appeals and assigns such direction as error.

Appellant insists that there is some conflict in the evidence as to the necessity for leaving the defendant's track unfenced at the place of the accident. This point is untenable. From the end of the switch defendant's track outwardly from the town of Malden is unfenced for about three hundred feet until it reaches a cattle guard; thereafter it is fenced on both sides of its further course. The testimony of plaintiff's witnesses is that this three hundred feet of exposed track could not have been fenced with due regard to the safety of defendant's employees when engaged in switching. The testimony of defendant's witness is that this space of three hundred feet is too narrow for safe switching, and must be increased in the future on account of the importance of the business done at the town of Malden.

The animal was killed about sixty feet from the head blocks of the switch. By the concurrent testi-

mony of the witnesses for both parties it is shown that the track at this point could not have been protected by fences or cattle guards without endangering the lives of the employees of the company. In an action to recover double damages for killing stock, a *prima facie* case is made by showing that the animals were killed on the railroad track where it was not fenced, and the burden of showing as a reason for not fencing it, because so doing would endanger the lives and limbs of its employees, devolves upon the railroad company. *Cox v. Railroad*, 128 Mo. *loc. cit.* 371; *Crenshaw v. Railroad*, 54 Mo. App. 233. This rule is not available to the plaintiff under the facts shown in this record, since it appears from the evidence given by plaintiff's witnesses that it would have endangered the lives and limbs of the servants of the defendant railroad company to have fenced its track where the animal was killed. Plaintiff thus overthrew any *prima facie* case which might have existed in his favor, if the testimony on his behalf had not gone beyond the point of showing the killing of the animal at a place where the track was unfenced. For these reasons it is apparent plaintiff was not entitled to recover in this suit either under his count for double damages (R. S. 1889, sec. 2611), or upon that for single damages (R. S. 1889, sec. 4428), nor single damages for negligence, as there was no evidence of negligence in running the train. The judgment of the trial court will, therefore, be affirmed. All concur.