WILLIAM H. LAWRENCE, Respondent, v. ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, January 29, 1895.

Railroads: ACTION FOR LOSS OF TRUNK: AMENDMENT OF PLEADINGS. The plaintiff brought suit for the value of a trunk, which the defendant had contracted to transport for him but had failed, after an unreasonable delay, to deliver. During the pendency of the suit, the trunk was delivered in a damaged condition, whereupon the plaintiff amended his statement of his cause of action so as to allege that fact and claim only the damages suffered by him. *Held*, that the same cause of action was stated in the amendment as in the original statement.

*Appeal from the Scotland Circuit Court.*—HON. BEN E. TURNER, Judge.

AFFIRMED.

*Gardiner Lathrop, Samuel W. Moore* and *N. M. Pettingill* for appellant.

The second amended statement stated a new cause of action. *Scovill v. Glasner*, 79 Mo. 449; *Lampkin v. Collier*, 69 Mo. 170; *Sims v. Field*, 24 Mo. App. 557; *Fields v. Maloney*, 78 Mo. 172; *Gibbons v. Steamboat*, 40 Mo. 253; *Missouri Lumber Co. v. Zeitinger*, 45 Mo. App. 114; *Boughton v. Railroad*, 25 Mo. App. 10.

No brief filed for respondent.

BIGGS, J.—In this case we can only examine the record proper, there being no bill of exceptions.

The action originated before a justice of the peace. It was brought originally for the loss of a trunk and its contents, it being averred that the plaintiff delivered the trunk to the defendant at the city of Chicago on the fourteenth day of September, 1893, and that the defendant, for a consideration, undertook to transport the property to Memphis, Missouri, and there deliver it to the plaintiff, which it had failed to do. The value of the property was alleged to be $250. The suit was filed on the ninth day of October, 1893.

On the day the case was set for trial before the justice, the trunk was delivered to the plaintiff. He thereupon filed an amended statement setting up that fact, and alleging that the property had been delivered in a damaged condition, and that he had sustained other damage on account of the delay. When the case reached the circuit court on appeal, the plaintiff filed a second amended statement, in which he set forth various items of damage, including damages to the trunk and contents; the value of the use of the goods during the delay, and the expenses incurred and time lost in going back and forth to the railroad station in search of the trunk. The total damage was laid at $50. The case was tried by the court without a jury, and judgment rendered against the defendant for $27. The defendant has appealed.

The only error assigned, of which we can take notice, is that the amended statement set forth a new cause of action. There is no merit in this. The case could have been tried on the original statement. At the time the suit was instituted there had been unreasonable delay in the delivery of the trunk, and the right of plaintiff to bring his action and recover the entire value of the property lost was then unquestioned. The fact that the trunk was subsequently found, and delivered to the plaintiff, could be considered only in mitiga-

tion of damages. The obligation of the defendant was safely and without unnecessary delay to transport and deliver the goods. Both the original and amended statements were predicated on a breach of that undertaking.

The judgment of the circuit court will be affirmed. All the judges concur.