H. W. CHANDLER COMMISSION COMPANY, Respondent, v. NASHVILLE, CHATTANOOGA AND ST. LOUIS RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, December 10, 1895.

1. **Common Carrier:** MISDELIVERY OF GOODS TO CONNECTING CARRIER. A common carrier, who contracts to deliver goods to a designated connecting carrier for further transportation, is guilty of a breach of that contract and liable for at least nominal damages if he delivers the goods to a connecting carrier other than the one designated; and this, though the consignment arrives at its ultimate destination in due time and good condition.

2. ———: ———: AMENDMENT OF PLEADING. If in such case the consignee refuses to accept the goods owing to the intervention of such other connecting carrier, but the petition in an action for damages by the consignor against the carrier guilty of the misdelivery fails to allege notification to such carrier that such misdelivery would be followed by such refusal, the allegation may be supplied by amendment for the purpose of affecting the measure of damages.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*Orr, Christie & Bruce* for appellant.

No brief filed for respondent.

BIGGS, J.—In the latter part of April and the first week in May, 1891, the plaintiff sold three car loads of corn to be delivered at Milledgeville, Georgia, and to

be shipped over the Central Railroad, which extended from Atlanta, Georgia, to Milledgeville. The defendant undertook to complete the shipment from Belmont, the western terminus of its line, and it issued its several bills of lading in which it contracted to carry the corn over its own line to Atlanta, and there deliver it to the Central Railroad for shipment to Milledgeville. Instead of delivering the shipments to the Central Railroad Company, as contracted, the defendant turned them over to the Georgia Railway Company, which also owned and operated a railroad from Atlanta to Milledgeville. The transportation was completed without accident or delay, but the purchaser declined to receive the corn, for the reason that it had been shipped over the Georgia Railroad. At the time he bargained for the corn he notified the plaintiff that it must be shipped over the Central Railroad, and that, if it was shipped over the Georgia Railroad, he would not receive it. The reason assigned was that the Georgia Railroad Company had refused to pay a just claim which he held against it. The plaintiff resold the corn at a loss, and it now sues for the violation of the contracts as above mentioned, and laid the damage at the difference between the two sales.

The statement filed before the justice, and upon which the case was tried in the circuit court, failed to allege that the defendant was advised at the time the contracts were made that the corn would not be received if it was shipped over the Georgia Railroad. The statement was merely in the form of an account. The case was tried in the circuit court, and is presented here as if such an averment was essential in a statement before a justice in order to entitle the plaintiff to recover the damages asked. Had the case originated in the circuit court, such an allegation would unquestionably have been necessary, for such damages are not to

be considered within the reasonable contemplation of the parties, and a liability therefor could only attach upon proof that the defendant had notice that the corn would not be received over the Georgia Railroad. However, the circuit court permitted the plaintiff to introduce evidence tending to prove that the defendant was so notified, and at the conclusion of the evidence the plaintiff was allowed to amend its complaint so as to conform to the proof, to all of which the defendant objected and excepted, and still excepts. The jury returned a verdict in favor of the plaintiff for the loss sustained on the resale, and a judgment was entered on the verdict. The defendant, having unsuccessfully moved for a new trial, has brought the case here for review.

We have concluded to review the case as it was tried and is presented here, without passing on the question of pleading above suggested.

The defendant objected to the introduction of any evidence on the ground that the complaint did not state a cause of action, in that it failed to allege that the corn did not reach its destination in due time or good order, or that defendant had notice that it would not be received over the Georgia Railroad. This objection was properly overruled, for the defendant confessed to a violation of its contracts as charged and, therefore, was liable for at least nominal damages, whether it knew the corn would not be received over the Georgia road or not, or whether it arrived in due time and good condition or not. *Goodrich v. Thompson*, 44 N. Y. 334; *Goddard v. Mallory*, 52 Barb. 87.

The amendment did not change the cause of action. It merely enabled the plaintiff to recover consequential damages, whereas under the original complaint (adopting the theory upon which the case was tried) he could have recovered nominal damages only.

*Rogan v. Railroad*, 51 Mo. App. 665. The cause of action, as stated in the original complaint, is that the defendant changed the route of the shipments. The amendment did not change this cause of action, but merely introduced an additional element of damage growing out of the same violation of the contracts. For like reasons the contention, that the notice to the defendant, that the corn must be shipped as billed, is in effect a modification of the original contract and should be sued on as such, is without foundation. The original contracts called for the shipment over the Central Railroad, and the notice to the defendant, at the time, that the corn would not be received if shipped over the Georgia Railroad, merely rendered the defendant liable for consequential damages if it violated the contract by shipping over the objectionable road.

What we have said answers the objections to the plaintiff's instruction. Finding no error in the record, the judgment of the circuit court will be affirmed. All concur.