HALL & ROBINSON, Respondents, v. WABASH RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, May 8, 1899.

1. **Common Carriers:** JUSTICES' COURTS: PLEADING: AMENDMENT ON APPEAL: DEPARTURE. A statement before a justice claimed damages to the amount of $83 of a carrier, because it neglected to carry and deliver, etc., in accordance with its contract. In the circuit court the statement was amended by claiming $63 for storage, etc., and $20 for additional freight, so that it alleged that these items of loss were caused by the negligence in not ordering the connecting carrier to deliver according to the contract. Held, the breach of duty alleged is substantially alike in both statements and there is no change of cause of action.

2. ———: DELAY IN DELIVERY: SUFFICIENCY OF EVIDENCE. The evidence in this case is reviewed and held sufficient to send the case to the jury on the issue of negligence and amply sustains the amount of damages incurred by the delay.

3. ———: DAMAGES: INTEREST: MAY V. MUST. An instruction on the measure of damages contained this phrase: "to which they may add interest at the rate of six per cent." Held, that the word "may" in the instruction implied permission to the jury to allow or disallow interest as it saw fit and was not mandatory in the sense of "must."

*Appeal from the Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

AFFIRMED.

GEO. S. GROVER for appellant.

(1) Section 6345 of the statute is as follows: "The same cause of action, and no other, that was tried before the justice, shall be tried before the appellate court upon the appeal." Evans v. Railway, 67 Mo. App. 257; R. S. 1889, sec. 6347; Dowdy v. Wamble, 110 Mo. 283; Scovill v. Glasner, 79 Mo. 449. (2) Upon the undisputed facts of this case the plaintiff was not entitled to recover, and the jury should have been so instructed. McCann v. Eddy, 133 Mo. 59; Halliday v. Railway, 74 Mo. 159; Coates v. Express Co., 45 Mo. 238; Goldsmith v. Railroad, 12 Mo. App. 479; Nall v. Railroad, 97 Mo. 68; Dimmitt v. Railroad, 103 Mo. 433; Nines v. Railroad, 107 Mo. 475; Crouch v. Railroad, 42 Mo. App. 248; Craycroft v. Railroad, 18 Mo. App. 487; R. S. 1889, sec. 944, p. 295. (3) In the second place, the jury were not given a discretion by this instruction to give interest or not as they should think fit, but were peremptorily told to add it to their finding. This was error. R. S. 1889, sec. 4430; State ex rel. v. Hope, 121 Mo. 40; Construction Co. v. Railway, 71 Mo. App. 626; Spaulding v. Suss, 4 Mo. App. 551; State v. Laughlin, 73 Mo. 443; Railroad v. Co. Ct., 42 Mo. 171; State v. Co. Ct., 39 Mo. 521; Steines v. Franklin Co., 48 Mo. 167.

MESERVEY, PIERCE & GERMAN for respondents.

(1) The amended statement did not change the cause of action. James v. Railroad, 69 Mo. App. 431; Lawrence v.

Railroad, 61 Mo. App. 62; Commission Co. v. Railway, 64 Mo. App. 144; Moody v. Railroad, 68 Mo. 470; Lincoln v. Railroad, 75 Mo. 27; Sprague v. Follet, 90 Mo. 547; Heman v. Fanning, 33 Mo. App. 50; Newberger v. Friede, 23 Mo. App. 631. (2) The court did not err in refusing to sustain the demurrer to the evidence. 6 Am. and Eng. Ency. of Law, p. 618; Railroad v. Washburn, 22 Oh. St. 324; North v. Merchants, 146 Mass. 315; Palmer v. Railroad, 56 Conn. 137; Dana v. Railroad, 50 Howard Pr. 428; Colfax v. Railroad, 46 Pac. Rep. (Cal.) 668. (3) The first instruction given by the court at the request of the plaintiffs fairly presented the issues involved in the case.

SMITH, P. J.—This is an action which was commenced before a justice of the peace.

The cause of action alleged in the original statement was that the defendant agreed to transport and deliver a certain car load of bran to East St. Louis, a station on its line in the state of Illinois, etc., and "that it neglected to carry and deliver said car to said station in East St. Louis," etc., in accordance with its contract, etc.; that instead of complying with its contract it transported said car to its station at St. Louis in the state of Missouri, where the same was unloaded and placed in a warehouse, thereby subjecting the same to storage and elevator charges amounting to $83.76 which plaintiffs were compelled to pay, etc.

STATEMENT.

When the cause reached the circuit court the plaintiffs amended their statement by claiming $63.76 for cash paid for storage and elevator charges, and $20 for additional freight made necessary by delay. It was therein alleged that .these "items of loss and damage were caused by the neglect of defendant in ordering the Terminal Railroad Association of St. Louis to deliver to warehouse a certain freight car, containing four hundred sacks of bran, said car having been delivered to

defendant at Lexington Junction to be transferred and delivered to order of plaintiffs at East St. Louis." The circuit court refused to strike out the amendment on the motion of the defendant and the propriety of the action of the court in that regard is one of the questions raised by the appeal.

It has been seen that the injury alleged in the original statement was that the plaintiffs had been compelled to pay $83.76 to discharge a lien on the plaintiffs' car load of bran for warehouse and elevator charges, to which the same had been subjected by reason of the negligence of the defendant, and that the injury alleged in the amended statement is that the plaintiffs had been compelled to pay $63.76 for warehouse and elevator charges, and $20 for additional freight, made necessary by delay, aggregating the same amount as that claimed in the original statement. It is thus seen that the twenty-dollar item is introduced for the first time into the case by the amended statement. Did this amendment change the cause of action within the meaning of section 1497, Revised Statutes? It has been authoritatively ruled that, where an amendment merely adds another item of damage growing out of the same act of negligence as was complained of in the original petition it does not change the cause of action. James v. Railway, 69 Mo. App. 431; Straub v. Eddy, 47 Mo. App. 189. And this rule is equally applicable in those cases where an amendment of the statement before the justice has been made in the circuit court. Lawrence v. Railway, 61 Mo. App. 62; Com. Co. v. Railway, 64 Mo. App. 144. Both the original and amended statements were based upon a breach of the defendant's undertaking to safely and without unnecessary delay transport and deliver the goods to its connecting carrier with directions similar to those contained in the way-bill accompanying the delivery of the goods to it by the preceding carrier.

*COMMON carriers: justices' courts: pleading: amendment on appeal: departure.*

Hall & Robinson v. Wabash R. R. Co.

It was the duty of the defendant, as an intermediate carrier, to receive the goods, transport and deliver them to the next connecting line in good order, with the necessary instructions, and in terms sufficiently explicit to inform the next carrier of the ultimate destination of the goods. Briggs v. Railway, 6 Allen, 249; Railway v. Washburn, 22 Ohio St. 324; North v. Transp. Co., 146 Mass. 315; Palmer v. Railway, 56 Conn. 137; Colfax v. Railway, 118 Cal. 648. The original statement alleges a delivery by the defendant of the car to a warehouseman at the end of its line, and the amendment alleges that it directed another railway company to deliver the shipment to a warehouseman. The inevitable and necessary implication resulting in either case is that the defendant neglected to deliver the shipment to its connecting carrier with appropriate instructions as to the ultimate destination of such shipment. The breach of duty which was alleged to be the proximate cause of the damage or injury sustained is substantially alike in both statements. We are of the opinion that the amended statement did not change the cause of action within the meaning of the section of the statute referred to at the outset. Lincoln v. Railway, 75 Mo. 27; Straub v. Eddy, *ante.*

The defendant further assigns as error the action of the court in refusing its instruction in the nature of a demurrer to the evidence, but we do not think this assignment can be sustained. It appears from the evidence that on September 2, 1891, the firm of Kirk & Alexander, of Winfield, Kansas, delivered to the Atchison, Topeka & Santa Fe Railroad Company at Winfield, Kansas, four hundred sacks of bran and consigned it to the city of East St. Louis, Illinois, to shipper's order, notify Hall & Robinson, of Kansas City, Missouri. A bill of lading was issued which provided that the Atchison, Topeka & Santa Fe Railroad Company should not be responsible as a common carrier for said property beyond its line of

*——: delay in delivery: sufficiency of evidence.*

road. Immediately thereafter said car was sold to Hall & Robinson and said bill of lading was by said Kirk & Alexander for value received indorsed and delivered to the plaintiffs, Hall & Robinson. Hall & Robinson had previously sold the bran to parties at Fitchburg, Mass., and desiring to take advantage of what was known as lake and rail summer rates (which are $20 cheaper than the all rail route) made out a bill of lading for the transportation of the bran from East St. Louis over the Toledo, St. Louis & Kansas City Railroad Company, commonly known as the Clover Leaf Route and requested the agent of that road at East St. Louis, Ill., to take charge of the car on its arrival and to forward it from East St. Louis via Toledo and the Lakes to Fitchburg, Mass. The car was transported to Lexington Junction by the Atchison, Topeka & Santa Fe Railroad company and was there turned over to the defendant with the way-bill which was substantially as follows:

Via Wabash Station and  R. R.      Car No. 7399.      Atchison, Topeka & Santa Fe R. R. Co.

Via Station and Lexington Junct. R. R.   Initials, M. K. & T.  Wabash.

Way-bill from Kansas City to St. Louis.   Date, Sept. 4, 1891.   Way-bill.

Series No. 87.

| Consignor and Original Point of Shipment. | Consignee and Destination. | No. pkgs. | Description of Articles. |
|---|---|---|---|
| A. T. | S O Notify | | U. Depot. |
| 2092 | Hall | & | Robinson |
| | East St. | Louis | Ills. |
| Winfield | | | |
| | | | 400 sks Bran |
| K. S. | | | 11.50 |
| 93913 | | | |
| | | | O. R. 40.000 |
| Kirk & A. | M. | | |

& C. & C.

There is evidence disclosed by the record to the effect that the defendant delivered the shipment to the Terminal Railroad Association whose line connects with that of the defendant and extends to East St. Louis, in the state of Illinois, the point to which the shipment was primarily destined, without accompanying such delivery with a way-bill or other specific direction as to the point to which the car was to be taken and delivered, and without giving the name of the consignees or directing that such consignees be notified of the arrival of the car. The Terminal Railroad Association retained the car in its possession in St. Louis, Missouri, for some twenty days when the defendant ordered it so delivered to Evans Brothers' warehouse in St. Louis, Missouri, where its contents were unloaded and remained stored for over five months.

In the meantime storage charges had accrued amounting to $63.76 and the summer lake and rail rates existing on the Clover Leaf and other lines connecting and extending to the end of the transit at the time the car was stopped by defendant had been discontinued, so that when the transit was resumed the rate had been so increased that the plaintiffs' purchaser had to pay the delivering carrier $20 additional freight charges, which the plaintiffs would not have had to pay but for the negligence of the defendant. These charges were a lien and until paid the carrier would not deliver the car. It seems to us that under the peculiar circumstances of the case the evidence touching the correctness of the storage and freight charges and the payment thereof was ample. In view of the law as declared by the authorities hereinbefore referred to, we think the plaintiff was entitled to a submission of the case to the jury.

It is quite true that the way-bill which defendant received of the preceding carrier did not fully and clearly state the address of Hall & Robinson, consignees, but this omission we think afforded no justification or excuse for the action

taken by defendant since it abundantly appears from the evidence that the consignees had been engaged in the commission business for many years at Kansas City, and as such had shipped many hundred car loads of the several commodities handled by them over the defendant's line ending at St. Louis, and that they had had, besides, various other transactions with the defendant's freight department, so that it may be fairly inferred that the defendant either knew or could have ascertained, if they had chosen to do so, the plaintiffs' address and that it was therefore within the power of the defendant to have speedily furnished such address to the St. Louis Terminal railroad and thereby avoided the delay which caused the damage.

No error is perceived in the action of the court in the giving and refusing of instructions. The plaintiffs' second instruction told the jury that if they found for plaintiffs to assess their damages at such an amount as would cover all storage and additional freight charges, if any, that plaintiffs were compelled to pay on account of the negligent acts of defendant, if they found there was negligence on the part of defendant, "*to which they may add interest at the rate of six per cent*," etc. It is contended by the defendant that the word "may," as employed in said instruction, meant "must" and therefore said instruction was erroneous and misleading. The statute, section 4430, Revised Statutes, invests a jury, in a case of this kind, with the discretion to allow or disallow interest, accordingly as it thinks fit. The ordinary meaning and signification of the verb "may" is to have permission—be allowed. Standard Dict. 1092; Anderson's Law Dict. 666. This word is understood to mean "must" or shall wherever the statute requiring construction relates to a power conferred on public officers concerning the public interests and the rights of third persons who have a claim *de jure* that the power shall be exercised in this manner for the sake of justice and the public good,

*—: damages: interest: may v. must.*

where public interests or private rights require that a thing should be done. State v. Laughlin, 73 Mo. 449, and cases cited.

But the ordinary meaning of the word must be presumed intended unless that would defeat the object of the statute. It is only where it is necessary to give effect to the clear policy and intention of the legislature that such liberty can be taken with the plain words of the statute. Thompson v. Lessee, etc., 22 How. loc. cit. 434; Minor v. Bank, 1 Pet. loc. cit. 64. It is manifest that this is not a case for the application of the rule requiring "may" to be construed as "must." The word as used in the plaintiffs' instruction implied permission to the jury to allow or disallow interest as it thought fit. It was not used in a mandatory sense and can not be so construed in a case like this. The plaintiffs' instruction is therefore not subject to defendant's criticism.

The judgment will be affirmed. All concur.