J. L. McCULLOUGH, Respondent, v. WABASH
RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, November 20, 1911.

DAMAGES, DOUBLE: Killing Live Stock. Plaintiff sued for double damages under Section 3145, Revised Statutes 1909, for killing his cow. The cow was found dead on the railroad right of way one hundred feet west of a public crossing, and ten feet north of the track, and the battered appearance of the carcass indicated that death had been caused by a collision with a train. Thirty feet west of the cattle-guard hair and hide were found on the ties. The cattle-guard had for a long time been filled with dirt and cinders, thereby allowing easy

passage of animals over it. Grass was scanty and poor on the public road, but abundant on the right of way. An engineer testified that the side of the pilot of his engine struck the cow, at the crossing, and she was thrown across the cattle-guard and on to the right of way. *Held*, that the demurrer to the evidence was properly overruled.

Appeal from Randolph Circuit court.—*Hon. A. H. Waller*, Judge.

AFFIRMED.

*J. L. Minnis* and *Robertson & Robertson* for appellant.

(1) The court erred in refusing to instruct a verdict for the defendant at the close of the evidence for the plaintiff. The petition charged that the cow entered the right of way over the negligently defective cattle-guard. There was a total absence of proof that the cow entered the right of way. In the absence of direct proof the law presumes that the animal entered upon the right of. way at the point it was struck. Jantzen v. Railroad, 83 Mo. 171; McGuire v. Railroad, 23 Mo. App. 1. c. 327; Duke v. Railroad, 39 Mo. App. 1. c. 107. But this very presumption defeats respondent's allegation that the animal entered over the cattle-guards, so there was a total failure of proof. (2) If the testimony was sufficient to establish a presumption that the cow had gotten in over the right of way, that presumption must yield to the direct abutting evidence of the engineer who says she was struck on the crossing. 22 Am. and Eng. Ency. Law (2 Ed.), 1235-6; Fitzgerald v. Barker, 85 Mo. 15; Smith v. Tel. Co., 57 Mo. App. 259; Ford v. Railroad, 63 Mo. App. 133; Morreau v. Branham, 27 Mo. 351; Rodan v. Transit Co., 207 Mo. 1. c. 409-412.

*E. O. Boyle* for respondent.

JOHNSON, J.—This action is based on section 3145, Revised Statutes 1909, to recover double damages for the killing of a cow owned by plaintiff. The appeal is prosecuted by defendant from a judgment recovered by plaintiff in the circuit court and the only error assigned and argued is the refusal of the trial court to direct a verdict for defendant.

The cow was killed in the night of September 4, 1909, by the locomotive of one of defendant's westbound passenger trains at a point in Randolph county a short distance west of the corporate limits of Moberly. Going west the railroad at this place runs in a northwesterly direction and then curves towards a westerly course. A public highway running east and west crosses the track on the curve. The cow escaped from a nearby pasture to the public road at some place east of the crossing. The next morning she was found dead on defendant's right of way at a place about one hundred feet west of the crossing and ten feet north of the track. The battered appearance of the carcass indicated that the death had been caused by a passing train coming into collision with the cow. About thirty feet west of the cattle-guard hair and bits of hide from the cow were found on the ties. The fences connected with the cattle-guard were lawful fences in good repair but the evidence shows that the guard itself for a long time had been filled with dirt and cinders to an extent to allow the easy passage of animals over it. Further it appears that the grass in the public road was scanty and poor, while that on the right of way inside the guard was abundant and attractive to grazing animals. The charge in the petition is that "on said date and for a long time prior thereto defendant had carelessly, negligently, suffered and permitted its cattle-guard at said place to become defective and so covered with dirt as to be insufficient to turn cattle by reason of which plaintiff's cow went upon defendant's track," etc.

The facts we have stated are gathered from the evidence of plaintiff, and we have mentioned all the facts and circumstances on which plaintiff relies. Defendant introduced the engineer of one of its passenger trains who testified that as his train (which was westbound) approached the crossing, he observed the cow in the public road a short distance east of the crossing and that she started to run towards the crossing. He thought the engine would reach the crossing first but the cow increased her speed and leaped in front of the engine. She was struck by the right hand side of the pilot and thrown and carried across the cattle-guard onto the right of way where, finally, she fell to the right of the track.

The burden was on plaintiff to establish by proof the allegation of his petition that the cow entered defendant's right of way over the defective cattle-guard. Counsel for defendant argue that plaintiff has failed to discharge this burden for two reasons: *First,* that the evidence of plaintiff does not disclose facts and circumstances of sufficient evidentiary value to sustain a reasonable inference that the cow entered the right of way over the cattle-guard and, *second,* that the legal presumption in cases where there is no direct evidence of the place of entry, that such place was at the point where the animal was struck (Jantzen v. Railway, 83 Mo. 171; McGuire v. Railway, 23 Mo. App. 1. c. 327; Duke v. Railway, 339 Mo. App. 1. c. 107) does not aid plaintiff because, *first,* the place where plaintiff's evidence shows the cow was struck was not at the cattle-guard, but was, at least, thirty feet west of that place; and, *second,* because the presumption is completely overthrown by the testimony of the engineer that the cow was struck at the road crossing and not at a place where the law required the track to be inclosed.

The error of defendant's argument, which gives conclusive effect to the testimony of the engineer is in the assumption that plaintiff's case rests entirely on

a mere legal presumption when, in truth, the conclusion that the cow entered the right of way at the cattle-guard and was struck by the engine at a point thirty feet west of the guard is directly founded on circumstantial evidence of sufficient potency to raise an issue with the testimony of the engineer. The rule is too well recognized to require elaboration that direct evidence may be met and overcome by opposing circumstantial evidence. There is no need for plaintiff to invoke the presumption discussed by defendant. In the light of physical facts disclosed, about which there is no controversy, one well may doubt the accuracy of the engineer's version of the killing. It is hard to believe that if the cow were struck by the side of the pilot a blow that should have thrown her at once away from the engine, she could have been carried nearly a hundred feet forward before she was cast aside, and it is harder to believe that she would have left hide and hair on the track at the place where they were found. And when, in addition to these facts, one considers the further facts that the cattle-guard offered no obstruction to the ingress of the cow to the right of way and that the place possessed a natural attraction to such animals, the inference becomes reasonable and substantial that she strayed into the right of way to graze and was struck at the point marked by her hair and hide. Such inference depends on no legal presumption, nor upon other inferences or conclusions, but is planted squarely on a solid foundation of circumstantial evidence.

No error was committed in overruling the demurrer to the evidence and the judgment is affirmed. All concur.